Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, to receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employee-employer relationship existed between the plaintiff and the defendant-employer.
3. A Form 22 Wage Chart was submitted from which an average weekly wage may be determined.
4. The date giving rise to this claim is on or about December 19, 1996.
5. Plaintiff's medical records were stipulated into evidence and marked and as stipulated Exhibit No. 2.
6. The issues before the Commission are the following: (i) whether plaintiff sustained an injury by accident arising out of the scope of his employment with the defendant-employer; (ii) and if so, what compensation, if any, is due the plaintiff.
 ************* EVIDENTIARY RULINGS
The objections raised in the depositions of Michael J. Bosse, M.D. and Tina J. Hill are OVERRULED.
 *************
Based upon all of the competent evidence of record herein, the Full Commission adopts with minor modifications the findings of fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 35 year old high school graduate. Prior to his employment with the defendant-employer, plaintiff had worked in various jobs such as a cook, sales representative, machine operator and autobody shop worker.
2. Plaintiff began working for the defendant-employer as a truck driver and construction helper in September 1996.
3. Plaintiff's average weekly wage was $266.49 yielding a compensation rate of $177.67.
4. Plaintiff testified that he tripped on a piece of board which was lying on the floor and injured his right ankle while working for defendant-employer on December 19, 1996.
5. Plaintiff had a pre-existing injury to the same right ankle. In February 1993, plaintiff sustained a compound fracture injury to his right ankle which was unrelated to his work with the defendant-employer.
6. While employed by the defendant-employer, plaintiff complained on various occasions of pain in his right ankle. Plaintiff contributed these pains to other circumstances outside of his job.
7. In early December, 1996, plaintiff inquired of Dave Reed and Dennis Bocook about how to obtain workers compensation benefits.
8. Plaintiff presented himself at the emergency room of Carolina Medical Center on December 22, 1996. He reported to the hospital personnel that he had injured himself at work a week prior.
9. On December 22, 1996, plaintiff notified his employer, David Reed, of his claim that he had injured his right ankle at work.
10. Plaintiff indicated at least three times that the date of the alleged injury giving rise to this claim was December 17, 1996. Plaintiff indicated on the Form 18 completed on December 30, 1996 an injury date of December 17, 1996. Plaintiff indicated to the emergency room and to Carolina Medical Center that the date of injury was approximately December 17, 1996. In a recorded statement given on January 2, 1997, plaintiff also identified the date of injury as December 17, 1996.
11. Plaintiff subsequently changed the date of his alleged accident to December 19, 1996 in a second Form 18 and indicated at hearing that this was the date of injury.
12. Plaintiff's treating physician, Michael J. Bosse, M.D. determined that osteophyte formation and arthritis at the right ankle were degenerative changes associated with plaintiff's prior injury. Dr. Bosse attributes the need for surgery to these problems.
13. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff's complaints were caused by or related to an injury by accident on or about December 19, 1996.
14. Prior to the alleged incident, plaintiff had complained of problems with his right ankle. Because of these prior complaints, the prior unrelated injury, plaintiff's inconsistent accounts of the alleged date and circumstances of the injury, plaintiff's testimony and demeanor at the hearing before the Deputy Commissioner, and other evidence presented herein, plaintiff's testimony is not accepted as credible. The Full Commission adopts the credibility findings of the Deputy Commissioner.
15. Since plaintiff's testimony is not credible, plaintiff has not proven that he sustained an injury by accident on or about December 19, 1996 or that any condition from which he suffers resulted from an injury by accident arising out of and in the course of his employment.
 *************
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment with the defendant-employer on or about December 19, 1996. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is DENIED.
2. Each side shall bear its own cost.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER